(Reap. Dec. 10229)

UNITED STATES *v.* S. JACKSON & SON, INC.

Entry No. 8418.

(Decided April 23, 1962)

*William H. Orrick, Jr.*, Assistant Attorney General (*Sheila N. Ziff* and *Morris Braverman*, trial attorneys), for the plaintiff.

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the defendant.

WILSON, Judge: This is a collector's appeal from the appraised value of two electrical transformers, exported from Italy on March 13, 1957. The merchandise was entered at a value of $30,965.50 each and appraised at $31,125 each, net, packed. There is nothing whatever in the record to indicate the basis employed by the United States appraiser in determining the value of the involved merchandise. The value claimed by the plaintiff herein is "22,762,340 Italian lira net each packed" (R. 3). The statutory basis of value contended for by the plaintiff is "cost of production," as that value is defined in "section 402(a)(f) of the Tariff Act of 1930 as amended" (R. 3).

In support of plaintiff's claimed value, there was introduced in evidence a Treasury representative's report, dated June 24, 1957, with attached exhibits, purportedly to establish that there was no foreign, export, or United States value for the involved merchandise (plaintiff's collective exhibit 1). The information and data contained in the report, however, are not, in my opinion, material or relevant in the

determination of the value of the involved merchandise. The report indicates that the transformers in question were specially manufactured to specifications and then concludes that "neither such nor similar merchandise is manufactured or offered for sale either for export to the United States or in the home market" (report, page 2). The latter conclusion is unsupported by any evidentiary facts or relevant data in the aforesaid report, so far as I am able to ascertain. The fact that the merchandise was made to specifications does not in and of itself negate an export value for the involved merchandise. There is nothing in the record which establishes that similar merchandise could not be or was not purchased by others at the same prices. The exhibits attached to said report contain considerable extraneous and irrelevant material in no way connected with the issue here presented for determination, much of the matter contained therein being in the Italian language, as to which no translation has been supplied by the plaintiff. Further, the merchandise referred to in plaintiff's collective exhibit 1 was shipped under invoices, dated October 3, 1955 "and others," whereas the merchandise here under consideration was exported from Italy on March 13, 1957. Furthermore, some of the attachments in plaintiff's collective exhibit 1 relate to purchases of wholly different merchandise than that now under consideration. On page D–15 of said exhibit, dated January 13, 1956, the merchandise involved evidently was certain transformer oil in drums. The same type of merchandise is referred to on page D–21 and D–39 of the same exhibit. In my opinion, a finding of valuation other than that at which the involved merchandise was appraised cannot be made on the basis of the information contained in plaintiff's collective exhibit 1.

Plaintiff also introduced in evidence a further report with attached exhibits from the Treasury representative, dated June 17, 1958 (plaintiff's collective exhibit 2). This exhibit, which consists of some 40 pages or more, most of it also in the Italian language, some of which is translated, is subject to the same deficiencies heretofore noted with respect to plaintiff's collective exhibit 1. Collective exhibit 2 covers many items wholly unrelated to our present inquiry. While a so-called "exhibit C," attached to plaintiff's collective exhibit 2, appears to relate to the merchandise before the court, certain papers attached to the latter exhibit, apparently to support cost-of-production figures claimed by the plaintiff for the merchandise, are inadequate, in my opinion, to establish the claimed value. In this connection, a paper attached to plaintiff's collective exhibit 2 and designated "A–40," relating to "Machine No. 29045–29046–29047," refers to two items apparently involved herein. It recites certain figures purporting to cover "cost of materials," "cost of fabrication," "general expenses," and other data. However, how these figures, specifically the items of gen-

eral expenses and cost of "materials" and "fabrication," were arrived at, is not explained. They are not supported by documentary proof ascertainable from any data submitted in this record.

A document, signed by the United States appraiser of merchandise at the port of New Orleans, setting forth certain cost-of-production calculations stated to be based upon the information and figures contained in plaintiff's collective exhibit 2, *supra*, was received in evidence as plaintiff's exhibit 3. As heretofore stated, how the figures used in the calculation sheet (exhibit 3), purportedly showing the cost of production of the merchandise, were arrived at, has not been explained. Nor do certain charges listed as fees for service by an American concern as well as an item for "Bid and Performance Bond" properly appear to be part of the statutory "general expenses" for the involved merchandise.

The plaintiff called one witness, William N. McAskill, United States appraiser of merchandise at the port of New Orleans. This witness testified that he was familiar with the merchandise in issue and also with plaintiff's collective exhibits 1 and 2. He then stated that the computations contained in plaintiff's exhibit 3 herein were based upon information contained in plaintiff's collective exhibit 1. No testimony, however, as to the basis of appraisement here used was elicited by counsel for the plaintiff.

The value found by the appraiser is presumed to be the value of the merchandise, and it was incumbent upon the plaintiff herein, the party challenging the correctness of such value, not only to prove that the action of the appraiser was erroneous, but also to establish affirmatively that a different dutiable value was the proper one. *Brooks Paper Company* v. *United States*, 40 C.C.P.A. (Customs) 38, C.A.D. 495; *Kenneth Kittleson* v. *United States*, 40 C.C.P.A. (Customs) 85, C.A.D. 502.

In my opinion, plaintiff has failed to establish its claimed value by the miscellaneous mass of data here introduced. Accordingly, the presumption of correctness attaching to the appraiser's finding of value has not been overcome.

On the basis of the record here presented, I find as facts:

1. That the merchandise herein involved consists of two electrical transformers, exported from Italy in March 1957, which were appraised at $31,125 each, net, packed.

2. That the record in this case contains no competent proof of evidentiary facts to establish values different from the appraised value in each case.

I conclude as matters of law:

1. That the presumption of correctness attaching to the appraiser's finding of value has not been overcome.

2. That the proper value of the merchandise herein involved is that at which it was appraised in each case, namely, $31,125, net, packed.

Judgment will be entered accordingly.